UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| **DORRINE DOUGLAS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:23-cv-3544-DWD |
| | ) | |
| v. | ) | |
| | ) | |
| **JCJOHNSON ENTERPRISES, INC. d/b/a ROUTE 13 DINER** | ) ) | |
| | ) | |
| -AND- | ) | |
| | ) | **Jury Trial Demanded** |
| **JIMMY JOHNSON (Individually),** | ) ) | |
| | | |
| Defendants. | | |

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR FINAL DEFAULT JUDGMENT AND DAMAGES**

**NOW COMES** Dorrine Douglas ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against JC Johnson Enterprises, Inc. d/b/a Route 13 Diner & Jimmy Johnson (individually), ("Defendants") and in support thereof, stating as follows:

**I.   STATEMENT OF FACTS**

1. On October 31, 2023, Plaintiff filed her Complaint for Relief pursuant to Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA") and the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons. [Dkt. 1].

2. On November 10, 2023, process server Pam King Wheetley, served Registered Agent Jimmy Johnson through Trish who is Authorized to accept service for the Defendant, with a copy of the Complaint and Summons.

3. On December 11, 2023, Defendant's time to answer or otherwise plead elapsed.

4. On December 12, 2023, after Defendant failed to answer or otherwise plead, Plaintiff filed a Motion for Entry of Default. Attached to the Motion for Entry of Default was an affidavit signed by the undersigned counsel, attesting that service had properly been effectuated and Defendant was not in member of a protected category. A copy of Plaintiff's Motion for Entry of Default was mailed to Defendants.

5. On December 12, 2023, this Honorable Court granted an Entry of Default against Defendants.

6. Having gained an Entry of Default against the Defendants, Plaintiff now moves this Honorable Court to enter a Default Judgment against the Defendant and in favor of Plaintiff.

7. Defendant is aware of the instant proceedings and has willfully chosen not to formally enter the case despite proper service and additional notice from the undersigned.

8. Based on Defendants' conduct, Plaintiff believes this Honorable Court should not hesitate to impose liability against the Defendant to the fullest extent of the law. As Plaintiff's Complaint states, Defendants violated the Minimum Wage Law and failed to pay overtime wages to Plaintiff.

9. Defendant has clearly demonstrated a lack of respect for the legal process. They have had clear notice of this lawsuit through its representatives authorized to accept service as well as the Certificates of Services that were mailed to them after Entry of Default was entered against them. Rather than participate in the legal process, Defendants have willfully chosen not to participate and as such has waived its right to be given any benefit by this Court.

10. Plaintiff requests this Honorable Court enter Default Judgment in favor of Plaintiff and against Defendants.

## II. ENTRY OF DEFAULT FINAL JUDGMENT

Federal Rule of Civil Procedure 55(b) provides that this Court may enter a judgment by default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against an action. Fed.R.Civ.P. 55(b)(2). If the Court determines that the defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Nishimatsu Const. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975). "A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement Co. v. Howard Pipe & Concrete Prods*.,* 722 F.2d 1319, 1323 (7th Cir.1983) (citing United Artists Corp. v. Freeman*,* 605 F.2d 854, 857 (5th Cir.1979)). Damages are a sum certain when they are liquidated or can be calculated through reference to the terms of the agreement between the parties. *Id., see also,* F.D.I.C. v. Spartan Mining Co. ., Inc., 96 F.R.D. 677 (D.C.W.Va.1985); *see also*, Crowley Liner Services, Inc. v. Transtainer Corp., 2007 WL 1526955 (S.D.Fla.2007).

Pursuant to 42 U.S.C. § 2000e–5(k), the Plaintiff is entitled to recover reasonable attorney's fees and costs related to prosecuting the claim of discrimination. Affidavit in Support of Attorney's fees and costs is attached hereto as Exhibit "A."

## III. DAMAGES

**A. Wages Owed**

3

Plaintiff, Dorrine Douglas, is entitled to the overtime wages owed for all hours worked above 40 hours in a single workweek pursuant to the FLSA, see Exhibit "B" in support of Plaintiff's wages owed. Plaintiff is entitled to the following actual wages as due and owing:

| Dorrine Douglas | Actual Damages: $1,553.12 that represents missing wages |

### B. Liquidated Damages

The Fair Labor Standards Act §216(b) provides in pertinent part: Any employer who violates the provisions of §206 or §207, shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." See FLSA §216(b); King v. Board of Education of City of Chicago, 435 F.2d 295 (7th Cir. 1970). "Under FLSA, liquidated damages are mandatory, unless the trial court determines that the employer, while acting in good faith, reasonably believed that its conduct was consistent with the law." Jackson v. Go-Tane Servs., 56 F. App'x. 267, 273 (7th Cir. 2003); see also Perez, 55 F. Supp. 3d at 1080. Good faith is an affirmative defense that Defendants neither pleaded nor proved." Zavala-Alvarez v. Darbar Mgmt., 617 F. Supp. 3d 870 (N.D. Ill. 2022). Here, Defendants have failed to plead or otherwise defend the action and therefore, Plaintiff is entitled to liquidated damages.

### C. Post-Judgment Interest

A prevailing plaintiff in federal court is entitled to post-judgment interest at a rate prescribed by statute. See 28 U.S.C.§ 1961(a); *Miller v. Artistic Cleaners*,153 F.3d 781, 785 (7th

Cir. 1998). Post-judgment interest compensates the aggrieved party for the loss of money during the period proceeding to final judgment. Interest pursuant to 28 U.S.C. § 1961(a) is calculated "at a rate equal to the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the judgment, as published by the Board of Governors of the Federal Reserve System." *Flowers v. SteerPoint Mktg., LLC*, No. 1:18-cv-01618-DLP-SEB, at *4 (S.D. Ind. Apr. 8, 2020). Generally, a Plaintiff may collect interest on the judgment amount and on the attorney's fees and the costs associated with the litigation from the date the award was entered to the date the award was paid. See *Fleming v. County of Kane, State of Ill.*, 898 F.2d 553, 565 (7th Cir. 1990).

Accordingly, Plaintiff requests that the Court award her post-judgment interest from the date the award was entered to the date the award is paid.

**D. Costs and Attorney's Fees**

Under the FLSA, prevailing Plaintiffs are entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. §216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); see also Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999). The "most useful starting point for determining the amount of a reasonable fee" is the lodestar amount, that is, the figure that results from multiplying the number of hours expended by plaintiff's counsel by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)."

To determine a reasonable fee, the district court uses the lodestar method, multiplying the "number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar approach forms the "centerpiece" of attorneys' fee determinations, and it applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement. See *Blanchard v. Bergeron*, 489 U.S. 87 (1989). There is

5

a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award. See *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 639 (7th Cir. 2011).

Reasonable hourly rate has been defined as one that is "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir.2003). An attorney's actual billing rate for similar litigation is presumed to be appropriate to use as the market rate. See id. The fee applicant bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). If a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate. See *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir.1999).

For the Court's consideration and convenience, Plaintiff attaches an updated calculation of her costs and reasonable attorney's fees she has spent to this point as Exhibit "A."

WHEREFORE, Plaintiff respectfully requests that the Court issue a final judgement imposing the following damages:

| Dorrine Douglas | Actual Damages: $1,553.12 |
| | Liquidated Damages: $1,553.12 |
| | Attorneys' Fees: $7,062.50 |
| | Costs: $591.80 |

For a total of **$10,760.54** plus the imposition of post-judgment interest.

### IV. FEDERAL RULE 69(A) AUTHORIZES PLAINTIFF TO CONDUCT DISCOVERY IN ORDER TO AID COLLECTION AND ENFORCEMENT OF THE DEFAULT JUDGMENT

There is a likelihood that the Defendant will not satisfy the Default Judgment once entered.

Accordingly, in order to aid its execution and collection of the judgment, Plaintiff is requesting leave of court to conduct discovery into this narrow issue.

The federal rules of civil procedure provide as follows:

> **(2) *Obtaining Discovery*.** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

FED. R. CIV. 69(a)(2). Federal law authorizes a judgment creditor, such as Plaintiff here, to pursue discovery in order to aid its ability to enforce and collect on a judgment. In *Evans v. Chicago Football Franchise Limited Partnership,* 127 F.R.D. 492, 493 (N.D. Ill. 1989), the court confirmed that the federal rules allow for a party to conduct discovery in aid of its efforts to enforce or collect a judgment, and that such discovery can be conducted following the entry of the judgment. The court relied on Rule 69(a) to support its findings that '[i]t is clear from the plain language of the rule that plaintiff may need use the federal discovery rules" in order to discover, post-judgment, information concerning defendant's assets, or to otherwise enforce or collect on that judgment. *Id*. the court highlighted the fact that the federal rules authorize a judgment creditor to use the federal discovery rules, or to proceed in a manner that is authorized by state law and practice. *Id*. Finally, the court noted that a judgment creditor can obtain discovery from a judgment debtor or even third partied without the need to file a separate lawsuit or proceeding. *Id*.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant this Motion and enter a Default Final Judgment against Defendants, JC Johnson Enterprises, Inc. d/b/a Route 13 Diner and Jimmy Johnson, individually.

Dated this 29th day of December, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**

Bar No. 6302103
**SOPHIA K. STEERE, ESQ.**
Bar No. 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ssteere@sulaimanlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with the Clerk of the Court and has been provided via U.S. Mail on this 29th day of December, 2023, to the following:

Jimmy Johnson, individually
2 Howard Drive Belleville, Illinois 62223-4016
Defendant
JCJohnson Enterprises, Inc. d/b/a Route 13 Diner c/o Jimmy Johnson, its Registered Agent
2 Howard Drive Belleville, Illinois 62223-4016


/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**