IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORRINE DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-03544-DWD |
| | ) |
| JC JOHNSON ENTERPRISES, INC. | ) |
| d/b/a ROUTE 13 DINER, | ) |
| and JIMMY JOHNSON | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Motion for Default Judgment filed by Plaintiff Dorrina Douglas (Doc. 12). Plaintiff filed her Complaint on October 31, 2023 (Doc. 1), alleging violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law (820 ICLS 105/4a) ("IMWL") by Defendants for failure to pay overtime wages to Plaintiff and similarly situated persons.

Obtaining a default judgment entails two steps. First, the party seeking a default must file a motion for entry of default with the clerk of a district court and demonstrate that the opposing party has failed to answer or otherwise respond to the complaint. FED. R. CIV. P. 55(a); *In re Catt*, F.3d 789, 793 (7th Cir. 2004). The entry of default "is merely a formal matter and does not constitute entry of a judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2010). After

1

default has been established, the moving party must then seek entry of a default judgment. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Defendants were served with a copy of the summons and Complaint on November 20, 2023 (Docs. 8, 9), but did not file an answer or otherwise respond to the Complaint. Plaintiff moved for entry of default on December 12, 2023. (Doc 10). Accordingly, the Clerk of Court entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on December 12, 2023. (Doc. 11). Plaintiff has now filed a motion for default judgment under Rule 55(b) and request for leave under Rule 69(a) to conduct discovery in order to aid collection and enforcement of the default judgment. (Doc 12). A response to the motion has not been filed.

In the motion are paystubs demonstrating Plaintiff is owed actual overtime wages totaling $1,553.12 (Doc. 12, Ex. B), and an affidavit by Plaintiff's attorney stating Plaintiff has incurred $7,062.50 in legal fees (Doc. 12, Ex. A). Additionally, the motion states FLSA provides for liquidated damages in an amount equal to the unpaid overtime compensation. Plaintiff requests the Court grant judgment against Defendants for $10,760.54 plus the imposition of post-judgment interest provided by 28 U.S.C. § 1961(a).

In this case, the Clerk has properly entered default under Rule 55(a). Because Defendant is in default, the Court finds that judgment should be entered in Plaintiff's favor. Accordingly, the Court **GRANTS** the Motion for Default Judgment. (Doc 12). Judgment shall be entered in favor of Plaintiff Dorrina Douglas, and against Defendants JC Johnson and Jimmy Johnson, for **$10,760.54** plus appropriate post-judgment interest

under 28 U.S.C. § 1961(a). Plaintiff's request for leave to conduct discovery for the narrow purpose of aiding in its execution and collection of the judgment under Rule 69(a) is also **GRANTED**.

**IT IS SO ORDERED.**

**DATED: February 6, 2024**

*s/ David W. Dugan*
**DAVID W. DUGAN**
**U.S. District Judge**
