IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DORRINE DOUGLAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-03544-DWD |
| | ) |
| **JC JOHNSON ENTERPRISES, INC.** | ) |
| **d/b/a ROUTE 13 DINER,** | ) |
| **and JIMMY JOHNSON** | ) |
| **individually,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Plaintiff's Motion and Memorandum of Law in Support of Motion to Compel Deposition in Aid of Execution (Doc. 22).

## Background

On October 31, 2023, Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105/4a by Defendants for failure to pay overtime wages to Plaintiff and similarly situated persons. (Doc. 1). Defendants were served with a copy of the Summons and Complaint on November 20, 2023. (Docs. 8,9). Defendants did not answer or otherwise respond to the Complaint.

Accordingly, on February 6, 2024, the Court granted Plaintiff's Motion for Default Judgment and granted Plaintiff leave to conduct discovery under Rule 69(a) for the narrow purpose of aiding in its execution and collection of the judgment (Doc. 13). The

Court entered default judgment against Defendants the following day in the amount of $10,760.54 plus post-judgment interest. (Doc. 14).

Now, as part of her efforts to satisfy the default judgment, Plaintiff alleges she served Defendant Jimmy Johnson with a notice of taking deposition in aid of execution on December 3, 2024. (Doc. 22, p. 2). However, Mr. Johnson failed to appear at the deposition at the date and time provided on the notice. (Docs. 23, 24). Accordingly, Plaintiff requests the entry of an Order compelling Mr. Johnson to appear for a deposition in aid of execution.

## Discussion

Under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Courts have broad discretion to decide discovery matters, including motions to compel depositions. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679 (7th Cir. 2002). Rule 30 governs depositions by oral examination. That rule requires that a party requesting oral depositions give "reasonable written notice to every other party" and that the notice "state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1).

Federal Rule of Civil Procedure 69(a)(2) permits that "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also Rubin v. The Islamic Republic of Iran*, 637 F.3d 783, 795 (7th Cir. 2011). In Illinois, a judgment creditor can initiate a

supplementary proceeding to discover assets or income of the judgment debtor not exempt from the judgment and compel application of those assets to pay all or part of the judgment. *Broaddus v. Shields*, No. 8-cv-4420, 2012 WL 1144664, at *2 (N.D. Ill. Apr. 5, 2012) (citing 735 ILCS § 5/2-1402 and collecting cases). The relevant inquiries in a post-judgment proceeding to discover assets are: "(1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment; or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." *Id.* at *2 (citing *Schak v. Blom*, 334 Ill.App.3d 129, 133, 777 N.E.2d 635, 267 Ill.Dec. 832 (Ill.App. 1st Dist.2002); *Star Ins. Co. v. Risk Mktg. Grp., Inc.*, 561 F.3d 656, 660–61 (7th Cir. 2009)).

Here, Rule 69(a)(2) empowers Plaintiff, as a judgment creditor, to depose Mr. Johnson in the aid of execution of the default judgment against him. Approximately one month in advance of the scheduled deposition, Plaintiff served Mr. Johnson with a notice that contained the time and place of the deposition and identified him as the deponent.[1] (Doc. 23, p. 2). The Court cannot discern a valid reason for Mr. Johnson's failure to appear at his remote deposition, nor does Mr. Johnson attempt to provide one. Instead, Mr. Johnson's failure to appear during the entire duration of this litigation, including his

---

[1] The Notice contains some inconsistencies. (Doc. 23, p. 2). It incorrectly identifies the undersigned as "Judge David W. Douglas." (*Id*). Additionally, the attached Exhibit A to the Notice, which provides definitions and instructions, identifies the Plaintiff as "Marcos Cala Gonzalez", the Judgment Debtor as "O'Hare Auto Recycling Corporation", and the Court as the Northern District of Illinois, Eastern Division Court. (*Id.* at 4). However, these errors do not invalidate the Notice, as it complies with all the stated requirements in Rule 30(b)(1). Fed. R. Civ. P. 30(b)(1).

3

deposition, evinces a pattern of willfully and intentionally ignoring this case. Accordingly, the Court finds there is good cause to compel his deposition.

## Conclusion

Therefore, the Motion to Compel (Doc. 22) is **GRANTED**. Defendant Jimmy Johnson is **ORDERED** to appear and present himself for a deposition in aid of execution upon being provided notice by Plaintiff's Counsel.

**SO ORDERED.**

Dated: February 6, 2025

_____
DAVID W. DUGAN
U.S. District Judge